## CIRCUIT COURT OF THE CITY OF RICHMOND

Helena Marie Martin

v.

Richard K. Bennett

February 4, 1988

Case No. LL-1387-3

By JUDGE RANDALL G. JOHNSON

This is a simple negligence action in which plaintiff's car was struck by defendant's car as plaintiff was making a left turn on Jefferson Davis Highway in Richmond. A jury trial was held on February 2, 1988. Plaintiff's medical bills totalled $2,033.45. No claim was made for lost wages. Defendant denied that he was negligent, and also raised the defense of contributory negligence. Defendant also disputed the amount of plaintiff's medical expenses, and elicited testimony from plaintiff showing that she had been involved in three or four other accidents in an attempt to show that all of her medical expenses did not arise out of the accident involved in this case. There was no medical testimony, and the only evidence of plaintiff's injuries, physical pain, mental anguish, and inconvenience came from the testimony of plaintiff. The jury returned verdict in favor of plaintiff in the sum of $60,000. The matter is now before the court on defendant's motion to set the verdict aside as excessive and to order a new trial.

The court agrees that the jury's verdict in this case is clearly excessive. Not only is it nearly thirty times the amount of plaintiff's special damages, it is $10,000 more than plaintiff sued for. While plaintiff testified that her injuries caused her great pain and

inconvenience, the amount of the award here is so excessive "as to shock the conscience of this Court." *See Bassett Furniture v. McReynolds*, 216 Va. 897, 912, 224 S.E.2d 323 (1976). As such accidents go, this one was "normal." Plaintiff sustained "normal," soft-tissue injuries. Those injuries healed "normally," and plaintiff presented no evidence that future medical treatment will be required. No claim was made for lost wages or for any other special damage other than past medical bills. Plaintiff's pain and suffering, mental anguish, and inconvenience, while testified to by plaintiff, were not so extraordinary as to justify the jury's award of $57,966.55 for those factors. Nor were they such as would justify an award of $47,966.55, which would result if only the $10,000 not sued for were set aside. In short, the jury's award in this case is "so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision." *Edmiston v. Kupsenel*, 205 Va. 198, 202, 135 S.E.2d 777 (1964). Consequently, it cannot be allowed to stand.

The remaining issue, of course, is whether a new trial should be granted on the entire case, or whether such new trial should be limited to the issue of damages only. In *Ford Motor Co. v. Bartholomew*, 224 Va. 421, 297 S.E.2d 675 (1982), the Court set forth the following standards:

> [W]hen the evidence does not preponderate in favor of either party and the damage award is so large that it appears to be solely the product of sympathy, the jury's finding on liability is impeached and the court should order a new trial on all issues.
>
> A trial *de novo* is not mandatory, however, when the monetary award, though out of proportion to the injuries suffered, is not so excessive as to compel the conclusion that the liability verdict was the product of sympathy for the plaintiff or bias against the defendant. In such case, if the evidence before the jury clearly supports its finding of liability, a trial judge has two options. He may put the plaintiff on terms to accept a remittitur in

lieu of a new trial, Code § 8.01-383.1, or he may grant the defendant a new trial limited to damages, Code § 8.01-383. 224 Va. at 434 (citations omitted).

Here, there was ample evidence to support the jury's verdict of liability against the defendant. Not only did plaintiff testify that the defendant caused the accident and that she, the plaintiff, was not guilty of contributory negligence, an eyewitness testified that after the traffic light facing defendant at the intersection where the accident occurred had changed from green to amber, which change occurred prior to defendant's entering the intersection, defendant actually accelerated and struck plaintiff's car. In addition, the investigating officer testified that defendant admitted travelling "40 to 45 miles per hour" in a 40 mile per hour zone. As such, the court cannot conclude that the jury's verdict on liability was solely the product of sympathy or bias. Accordingly, any new trial would have to be limited to the question of damages only.

On the basis of the evidence presented at trial, the court is of the opinion that an award of damages to plaintiff in the sum of $15,000 is just and reasonable. Such opinion is based on the following.

1. Plaintiff's past medical bills of $2,033.45;

2. Plaintiff's pain from the injuries to her head and neck, her back, and her hip and leg. Plaintiff testified that such pain was substantial, but that it went away with time;

3. Plaintiff's mental anguish in not being able to take care of her children for several weeks after the accident, and her mental anguish in having to take prescription drugs which she disliked;

4. Plaintiff's inconvenience in having to wear a neck collar for several weeks after the accident, as well as the mental anguish over her bruises. Plaintiff was also inconvenienced by not being able to drive for some period after the accident, although the evidence as to how long she was unable to drive is particularly conflicting; and

5. Except for emergency room treatment, plaintiff was not hospitalized, suffered no permanent injury, and

had no out-of-pocket expense other than the $2,033.45 in medical expenses.

In light of the above, the court is of the opinion that plaintiff should be required to remit $45,000 of the jury's award, and accept final judgment in her favor of $15,000, plus her costs. If plaintiff does not remit such portion of the verdict, a new trial will be granted on the issue of damages.